IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PETER PEDERSEN, | § | |
| Plaintiff, | § § § | |
| V. | § § | 1:23-CV-71-DII |
| ZOHO CORPORATION, | § § | |
| Defendant. | § § | |

## ORDER

Before the Court is Defendant Zoho Corporation's ("Zoho") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), (Dkt. 6), and all responsive briefing (Dkts. 12, 13). Having considered the briefing, record, and applicable law, the Court will deny Zoho's motion to dismiss.

### I. BACKGROUND

Plaintiff Peter Pedersen sues Zoho for patent infringement. Pedersen owns United States Patent No. 6,965,920 ("the '920 Patent"), entitled "Profile Responsive Electronic Message Management System." (Compl., Dkt. 1). Pedersen alleges that Zoho infringes the '920 Patent through its email-marketing software. (*Id.*). The case was transferred to this court from the Waco Division of the United States District Court for the Western District of Texas on January 23, 2023. (Dkt. 22).

Zoho moves to dismiss Pedersen's complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Pedersen fails to plausibly allege that Zoho's software directly infringes the '920 Patent. (Mot. Dismiss, Dkt. 6).

### II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts

'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). In patent cases, "[i]t is enough that a complaint place the alleged infringer 'on notice of what

2

activity . . . is being accused of infringement.'" *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) (quoting *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017)).

## III. DISCUSSION

Zoho argues that Pedersen fails to plausibly allege direct infringement of the '920 Patent. (Mot. Dismiss, Dkt. 6, at 7). To support its motion, Zoho directs the Court to language from the '920 Patent and portions of the prosecution history. (*Id.* at 1).

Zoho begins with language from Claim 1 of the '920 Patent and, more specifically, the limitation describing:

> "an individual message generator in communication with the database and operative to access and utilize data and files from the database to generate an individual message **to be sent to the recipient specified by the messenger** via the global communications network according to the delivery parameters"

(*Id.* at 2) (emphasis added). Referencing this language, Zoho argues that Pedersen fails to allege that Zoho's software allows a "messenger" (*i.e.*, a user of Zoho's software) to "specify" a particular recipient for any given message. (*Id.* at 5). Zoho contends that its software allows the messenger to select criteria relating to message recipients, but it does not allow the messenger to select an individual recipient. (*Id.* at 9). Because the software does not allow a messenger to select an individual recipient, Zoho asserts that Pedersen fails to state a claim for direct infringement. (*Id.*).

Zoho also directs the Court to the prosecution history of the '920 Patent, in which Pedersen distinguishes his patent from U.S. Patent No. 6,047,310 (the "Kamakura Patent"), which also describes an advertising messaging system. (*Id.* at 3). In the prosecution history, Pedersen notes that the Kamakura Patent describes an invention where a messenger sends a message to the system as a whole, which in turn designates recipients for the message based on the message's profile and the receiver's profile. (*Id.* at 4). Pedersen notes that, conversely, the '920 Patent describes a system where the messenger, not the system, selects a "specific" receiver. (*Id.* at 3–4). According to Zoho, the

prosecution history also shows that Pedersen fails to plausibly allege that Zoho's software directly infringes the '920 Patent. (*Id.*).

Pedersen responds that "recipient specified by a messenger" does not require that a messenger specify a recipient by name, email address, or another form of specific identity, as Zoho contends. (Resp., Dkt. 12, at 3). Pedersen argues that the claim language is broad enough to allow a messenger to specify a recipient by mail preferences, interests, or other profile information, as is the case with Zoho's software. (*Id.*). Pedersen contends that the prosecution history merely highlights the differences between the '920 Patent and the Kamakura Patent but does not reveal any sort of pleading deficiency. (*Id.* at 7). Finally, Pedersen asserts that Zoho's disagreement with Pedersen's interpretation of Claim 1 does not serve as a proper basis for dismissal under Rule 12(b)(6). (*Id.* at 8).

The Court agrees with Pedersen. After viewing all well-pleaded facts in the complaint in the light most favorable to Pedersen, the Court concludes that Pedersen plausibly alleges that Zoho's software infringes the '920 Patent. Zoho's arguments relating to the meaning of "recipient specified by messenger" require the Court to interpret claim language, which is improper at this stage of the litigation. *See Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1349 (Fed. Cir. 2018) (reversing district court's grant of Rule 12(b)(6) motion where defendant's arguments "read like classic *Markman* arguments."). Pedersen is entitled to all inferences in his favor on his theory that "recipient specified by messenger" is broad enough to encompass Zoho's software, as Pedersen plausibly alleges in the complaint. *See id.* (plaintiff "entitled to all inferences" for claim-construction dispute at motion-to-dismiss stage of litigation). Because Pedersen plausibly states a claim for direct infringement, the Court will deny Zoho's motion to dismiss.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Zoho's motion to dismiss, (Dkt. 6), is **DENIED**.

**IT IS FURTHER ORDERED** that the parties consult the website for the United States District Court for the Western District of Texas (www.txwd.uscourts.gov), the "Judges' Info" tab, "Standing Orders," and submit a Joint Proposed Scheduling Order using District Judge Robert Pitman's form **on or before Friday, June 16, 2023.**

**SIGNED** on May 23, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE