UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PETER PEDERSEN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 1:23-cv-00071-ADA |
| § | |
| ZOHO CORPORATION, § | |
| § | |
| Defendant. § | |

ZOHO CORPORATION'S
OPPOSITION TO PLAINTIFF'S MOTION TO WITHDRAW AND
CROSS-MOTION TO LIFT STAY

I.  INTRODUCTION

Zoho opposes Mr. Zito's motion to withdraw (D.I. 40) to the extent that it requests that this case be remain stayed while Plaintiff, Mr. Peter Pedersen, finds replacement counsel for Mr. Zito. This case has been pending for over two years, and Zoho should not have to wait any longer to clear itself of Mr. Pedersen's allegations. The PTAB's final written decision invalidating the independent claims of the patent-in-suit was issued over a month ago, and Plaintiff has dragged this case out at every opportunity. It is time for Mr. Pedersen to move forward or drop his case against Zoho. A further stay of the case for an undefined length of time while Plaintiff looks for new counsel is unwarranted, and Zoho accordingly moves the Court for an order lifting the stay and ordering Plaintiff to file an amended complaint identifying his asserted claims.

II.     **FACTUAL BACKGROUND**

In the two years since Plaintiff Peter Pedersen filed a complaint asserting infringement of claim 1 of U.S. Patent No. 6,965,920, Mr. Pedersen has consistently delayed prosecuting his case. D.I. 1. After Pedersen served preliminary infringement contentions asserting infringement of claims 1-12 and 14-17 of the '920 patent, Zoho moved to transfer the case to the Austin Division. D.I. 14. Pedersen failed to timely respond to the motion and the case was transferred to the Austin Division. D.I. 22.

Following transfer to the Austin Division, Zoho moved to stay the case pending the resolution of pending Inter Partes Reviews against the patent-in-suit. D.I. 29. Once again, Pedersen failed to timely respond to Zoho's motion, and the Court granted Zoho's motion as unopposed, noting that Pedersen had not yet responded to the motion nearly a month later. D.I. 33 at 1.

Mr. Zito first appeared for Pedersen in October 2023. D.I. 34. On January 26, 2024, Mr. Zito filed a "Notice of Termination of Counsel" purporting to remove Pedersen's original counsel, Mr. Ramey, from the case. D.I. 36. The notice was rejected for, among other things, failing to comply with the local rules requiring a motion to withdraw counsel. D.I. 37. Six months later, that deficiency has not been corrected.

On May 23, 2024, the PTAB issued its final written decision in the pending IPR, and the parties agreed to maintain the stay for thirty days while Pedersen decided how to proceed. D.I. 39. Shortly before the thirty-day period ran, Pedersen proposed filing an updated status report asking for a further six-week extension of the stay through August 15 to discuss settlement. Decl. of Ryan Marton, Ex. 1 at 3–4. In that draft report, Pedersen stated his intent to "forego[] any assertion of the presently invalid claims, thus removing the basis of the stay," and proposed filing an amended complaint four days after the stay expired, on August 19. [Decl. of Ryan

Marton, Ex. 2 at 1.  Two business days later, Mr. Zito asked Zoho if it would oppose his withdrawal from the case, to which Zoho responded that it did not oppose Mr. Zito's withdrawal, but that it did oppose any further stay of the case and needed to know whether Mr. Ramey was still acting as counsel to Mr. Pedersen.  Decl. of Ryan Marton, Ex. 1 at 2 .  In response, Mr. Zito stated that he did not know whether "Mr. Pedersen intends to reengage Mr. Ramey as counsel moving forward."  *Id.* at 1.  Despite Zoho conditioning its position on no further stay, Mr. Zito then filed the motion to withdraw as unopposed and asked for this matter to "remain stayed for a period of time sufficient for Plaintiff Pedersen to find substitute counsel."  D.I. 40 at 1.  As of now, no discovery has been served, no schedule or trial date has been set, and no substantive proceedings (claim construction or otherwise) have taken place.

**III.    THERE IS NO REASON TO CONTINUE THE STAY**

There is no need to continue the stay of this case.  The underlying reason for the stay—pending IPR proceedings—was resolved a month ago.  Nor should the Court give Plaintiff additional time to decide how to proceed; it has had ample time to decide and already conveyed that it intended to proceed without appeal of the PTAB decision.  Decl. of Ryan Marton, Ex. 2 at 1; Ex. 1 at 2-3 (showing that Plaintiff was ready to file a status report stating it would not appeal the PTAB decision).  Nor does Plaintiff need—or deserve—more time to find new counsel.  Mr. Ramey is still counsel of record, and Plaintiff is an individual and can proceed pro se if needed.[1]  Indeed, Plaintiff has known that the purported termination of Mr. Ramey was ineffective for six months and has taken no action.

---

[1] Indeed, Mr. Zito may properly remain as counsel of record, since the motion for withdrawal of Mr. Zito also does not comply with the local rules by failing to "set forth the client's name, address, and telephone number, and must bear[ing] either the client's signature or a detailed explanation why the client's signature could not be obtained after due diligence."  WDTX L. R. AT-3.

3

Rather, the request to continue to hold the case in limbo appears to be yet another example of Pedersen engaging in dilatory conduct that prevents Zoho from reaching the merits of the claims while hoping to extract a nuisance-value settlement.  At this point, a further stay is prejudicial to Zoho.  Pedersen has, at every opportunity, failed to prosecute this case.  Pedersen has already served infringement contentions accusing Zoho of infringing all but one of the remaining valid claims.  Zoho thus requests that the Court lift the stay and order Pedersen to file an amended complaint reciting which claims it intends to proceed upon by July 5, 2024 after which the parties can proceed on this Court's typical schedule as outlined in the Order Governing Proceedings.

Dated: June 26, 2024	Respectfully submitted,

By:	/s/ *Ryan Marton*
Ryan Marton (admitted *pro hac vice*)
ryan@martonribera.com
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Telephone:  (415) 360-2515

Darryl J. Adams (TX Bar No. 00796101)
dadams@sgbfirm.com
SLAYDEN GRUBERT BEARD PLLC
401 Congress Ave., Suite 1650
Austin, TX 78701
Tel: 512.402.3550
Fax: 512.402.6865

*Attorneys for Defendant Zoho Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing is being served on the counsel of record via the CM/ECF system on June 26, 2024.

                By:    /s/ *Ryan J. Marton*
                          Ryan J. Marton